# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 1:24-cv-02853-DDD-NRN

ARMANDO RUBIO FLORES,
ALFONSO ANGELES HERNANDEZ,
ISRAIN HERNANDEZ JACOBO,
URIEL CRUZ BAUTISTA,
Individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

J & T HARVESTING LLC,
MARIA DIANA OLIVAREZ MILLS (aka DIANA OLIVAREZ RAMON, DIANA
OLIVARES, DIANA RAMON), Individually,
JOHN JEFFREY RAMON, Individually,
TATIANA BRAVO Individually,
MOUNTAINKING POTATOES, INC.,
FARMING TECHNOLOGY, INC. d/b/a MOUNTAINKING POTATOES, INC.,
FARMING TECHNOLOGY CORPORATION d/b/a MOUNTAINKING POTATOES, INC.,
and SMOKIN-SPUDS, INC. d/b/a MOUNTAINKING POTATOES, INC.,

      Defendants.

---

## ORDER ON PLAINTIFFS' MOTION TO COMPEL AND FOR SANCTIONS AGAINST J&T DEFENDANTS AND THEIR COUNSEL [ECF No. 82]

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter comes before the Court on Plaintiffs' Motion to Compel and for Sanctions

Against J&T Defendants and Their Counsel ("Motion" or "Motion to Compel and Seek

Sanctions"), filed February 24, 2026. ECF No. 82. Defendants MountainKing Potatoes, Inc.,

Farming Technology Inc., Farming Technology Corporation, and Smokin-Spuds, Inc.

1

(collectively, the "Smokin-Spuds Defendants") supported and joined this Motion. ECF No. 85. The remaining defendants, J&T Harvesting LLC, Maria Diana Olivarez Mills, John Jeffrey Ramon, and Tatiana Bravo (collectively, the "J&T Defendants"), against whom relief is sought, did not respond to this Motion. The Court held a Status Conference on the Motion on March 16, 2026, at which J&T Defendants did not appear. ECF No. 88. Accordingly, having reviewed the Motion and supporting exhibits, Joinder in Support, the relevant case law, and the entire docket of this action, the Court GRANTS Plaintiffs' Motion to Compel and for Sanctions Against J&T Defendants and Their Counsel on the basis provided herein.

## BACKGROUND

This action arises from the two Defendants groups' alleged employment of the named Plaintiffs and numerous others in Colorado's San Luis Valley. The Second Amended Complaint alleges that as part of an illegal scheme to procure cheap labor, Plaintiffs were among hundreds of workers brought to Colorado by J&T Defendants to work at facilities owned and operated by Smokin-Spuds Defendants from 2022 through 2024 and were subjected to forced labor, discrimination, exploitation and wage theft and other abusive working conditions. ECF No. 46. Plaintiffs' claims are brought against both J&T Defendants and Smokin-Spuds Defendants as jointly liable and include claims pursuant to the Trafficking Victims Protection Reauthorization Act, Racketeering Influenced and Corrupt Organizations Act, the Fair Labor Standards Act, and related claims under Colorado Law. *Id.* Plaintiffs' FLSA claim has been conditionally certified as a collective action. ECF No. 68.

On October 21, 2025, this Court conditionally certified Plaintiffs' FLSA claim as a collective action and authorized notice to be sent to the members of the putative collective action

2

and granted a five-month opt-in period.  ECF No. 68.  This Court further ordered each defendant group to provide, in an Excel format, all the contact information of Putative Collective Action Members, including full name, last known address(es), last known email address(es), last known telephone numbers, and dates of employment (herein referred to as the "List") within fourteen days of its Order. *Id.* at 9 ¶ 5. Defendants were further ordered to provide Plaintiffs' counsel, a declaration attesting to the accuracy and completeness of the List and describing the tasks undertaken to compile the List and describing the sources from where the information was obtained. *Id.* at 9 ¶ 6.

Separately, but relatedly, Plaintiffs filed an unopposed Motion to Amend the Scheduling Order to Extend Discovery Deadlines on October 15, 2025, ECF No. 66, and on October 21, 2025, J&T Defendants filed a Motion for Extension of Time to Respond to Plaintiffs' Discovery Requests. ECF No. 69. In their motion, J&T Defendants, through counsel Florencio Lopez, requested an extension of time to respond to Plaintiffs' written discovery requests that were originally due on October 2, 2025. Mr. Lopez explained:

> As previously disclosed to the [C]ourt, I am legally blind due to a medical condition of a progressive nature. The condition has impacted the timeliness of my legal practice; [h]owever, I remain fully committed to seeing this case through to its conclusion. As part of my ongoing treatment, I have been accepted into a rehabilitation program for the blind sponsored by the Department of Veteran Affairs. I will be attending this program from November 3, 2025-December 15, 2025.

*Id.* at ¶ 8.

This Court scheduled a status conference to discuss the pending motions for October 28, 2025. ECF No. 73. All Parties with their respective counsel appeared at the status conference. The discovery deadlines, as well as the Conditional Certification deadlines and J&T Defendants'

discovery responses, were discussed. ECF No. 74. Mr. Lopez assured the Court that with more time, his clients would respond to Plaintiffs' written discovery requests and furnish the List and declaration promptly upon his return to work after December 15, 2025. Based on Mr. Lopez's representations and assurances, the Court granted J&T Defendants' extension request, agreed to extend the scheduling order deadlines and ordered the Parties to submit a stipulated schedule with revised deadlines. *Id.* As instructed, the Parties submitted a revised schedule which was granted and adopted by this Court on November 7, 2025. ECF No. 77. The revised deadlines included the following:

- J&T Deadline to Respond to Plaintiffs' Written Discovery Requests: December 30, 2025

- Deadline for Defendants to Produce the Class List: January 5, 2026

- Deadline for Defendants to produce the Signed Declaration of Compliance: January 5, 2026

*Id.* At the request of Plaintiffs and Smoking-Spuds Defendants, this Court held a hearing on January 27, 2026, to clarify the Court's Order regarding the Conditional Certification and to address J&T Defendants' failure to comply with the court-ordered deadlines. ECF No. 79. Counsel for J&T Defendants failed to appear at the January 27 hearing and the Parties in attendance notified the Court that they had not heard from Mr. Lopez or his staff since October 31, 2025. This Court then issued an Order to Show Cause for Mr. Lopez on January 28, 2026, requiring Mr. Lopez to show cause, in writing, by February 4, 2026, as to why he should not be sanctioned pursuant to Rule 16(f). ECF No. 81. Mr. Lopez failed to respond to this Court's Order to Show Cause.

On February 24, 2026, Plaintiffs filed the instant Motion to Compel and for Sanctions Against J&T Defendants and Their Counsel. ECF No. 82. Along with their motion, Plaintiffs provided exhibits that outlined their counsel's attempts to reach Mr. Lopez via telephone, e-mail, regular mail and certified mail. *Id.* On February 26, 2026, Smokin-Spuds Defendants filed their Joinder in Support of Plaintiffs' Motion to Compel and for Sanctions Against J&T Defendants and Their Counsel. ECF No. 85. On March 16, 2026, this Court held a status conference and accepted oral argument in support of the relief sought. Mr. Lopez and J&T Defendants did not appear at this hearing. *See* ECF No. 88.

Plaintiffs outlined the following attempts to communicate with J&T Defendants' Counsel in their motion and at the March 16th hearing: On January 2, 2026, Plaintiffs' counsel, Jenifer Rodriguez, emailed Mr. Lopez asking for an update for J&T Defendants written discovery responses, which were due on December 30, 2025. Mr. Lopez never responded. From January 2nd through January 6th Plaintiffs' counsel called Mr. Lopez's office number several times but there was no answer and no option of leaving a voicemail message. On January 6, 2026: Ms. Rodriguez emailed the J&T Defendants asking for an update on the List and accompanying declaration. Ms. Rodriguez specifically asked Mr. Lopez when J&T Defendants would produce the List and declaration. Mr. Lopez never responded. In subsequent emails sent throughout the month of January, Mr. Lopez was copied on all correspondence between Plaintiff and Smokin-Spuds Defendants respective counsel discussing the declaration contents and the joint dispute statement the Parties were required to file prior to the January 27 hearing. Mr. Lopez never responded to any email. At the January 27 hearing, Plaintiffs' counsel was instructed by this Court to call and email Mr. Lopez, which they did to no avail. Ms. Rodriguez then sent a detailed letter

to Mr. Lopez's business address on January 30, 2026, by regular and certified mail outlining the missed deadlines and attempted communications. A courtesy copy was also emailed to Mr. Lopez that same day. The certified letter was subsequently returned to Plaintiffs' counsel as "Unclaimed" and "Unable to Forward". In February 2026, Ms. Rodriguez continued to reach out to Mr. Lopez by telephone and email to discuss the outstanding discovery and to schedule depositions of J&T Defendants but never received a response. On February 12, 2026, Ms. Rodriguez sent another letter to Mr. Lopez via regular and certified mail to his business address as well as his home address. The signed return receipt for the certified letter sent to Mr. Lopez's home address was subsequently returned to Plaintiffs' counsel indicating receipt. On February 23, 2026, Plaintiffs' Counsel served Mr. Lopez the Notices of Deposition for Defendant Maria Diana Olivarez Mills and a Rule 30(b)(6) deponent for Defendant J&T Harvesting LLC, scheduled for March 25 and 26, 2026. To date, Plaintiffs' counsel has not received a response from Mr. Lopez, although the certified mailing sent to Mr. Lopez's business address was returned as "Unclaimed, Unable to Forward".

## ANALYSIS

Discovery is governed by the Federal Rules and the Parties' Scheduling Order. *See* ECF No. 32. A party responding to interrogatories and requests for documents must serve its responses and any objections within thirty days after being served. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).[1] To the extent that it is not objected to, each request must be responded to accordingly. Fed. R. Civ. P. 33(b)(3) and 34(b)(2)(B). Rule 37 allows the party seeking discovery to move for an order compelling answers to interrogatories or requests for productions when a party fails to do so. Fed.

---

[1] The Parties' Scheduling Order extended this deadline to forty-five days. ECF No. 32 at 13.

R. Civ. P. 37(a)(3)(B). The party seeking discovery may also be entitled to sanctions when a party fails to respond to discovery requests generally, as well as when a party fails to obey a court order to provide discovery. Fed. R. Civ. P. 37(b)(2)(A) and (d)(1)(A)(ii).

Rule 37 sanctions vary and are not limited to those listed in the rule. Applicable monetary sanctions may include reasonable fees and expenses caused by the party's failure to act and a variety of non-monetary sanctions are also available. Ultimately, the Court retains broad discretion to impose an appropriate sanction for the disobedient conduct. *See Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 862 (10th Cir. 2005).

Based on the record before the Court, there is no dispute that J&T Defendants have failed to respond to the discovery requests propounded by Plaintiffs on the initial date they were due, and the subsequent deadline ordered by this Court. As a result, Defendants are in violation of their discovery obligations under the Federal Rules of Civil Procedure, the Parties' Scheduling Order, and this Court's related orders. Thus, an order compelling J&T Defendants' response to Plaintiffs' discovery requests is warranted.

Rule 37 sanctions are also appropriate in this instance. J&T Defendants have openly defied this Court's Order on Conditional Certification of the FLSA Collective Action, ECF No. 68; this Court's Order resetting their deadline to respond to Plaintiffs' written discovery responses, produce the List, and accompanying declaration, ECF No. 77; and this Court's Order to Show Cause, ECF No. 81. Counsel for J&T Defendants has ceased communicating with the Parties, failed to respond to multiple requests to confer regarding the scheduling of depositions and other matters pertaining to this case. Their complete absence and refusal to respond is inexcusable and sanctions are appropriate. *See* Fed. R. Civ. P. 37(b)(2)(A) and (d)(3).

In considering the appropriate sanctions to award in this instance, the Court recognizes that entering a default judgment is not an adequate remedy at this time. Not only would a simple default judgment against J&T Defendants be highly prejudicial to the active parties in this action, it is not appropriate to enter judgment against one of several defendants who is alleged to be jointly liable until the matter has been adjudicated with regard to all defendants or all defendants have defaulted. *See Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985) (referencing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2690, at 455-56 (1983)), *see also Frow v. De La Vega*, 82 U.S. 552, 554-55, 21 L. Ed. 60 (1872) (the basis for this rule). This rule is designed to "avoid[] inconsistent liability determinations among joint tortfeasors." *Hunt*, 770 F.2d at 147.

## CONCLUSION

After considering the above representations made by Plaintiffs, accepting them as true, and after considering the arguments presented, the Court grants Plaintiffs' Motion to Compel and for Sanctions Against J&T Defendants and Their Counsel.  Thus, IT IS ORDERED that:

(1)    Plaintiffs' Motion to Compel J&T Defendants to respond to Plaintiffs' August 18, 2025, written discovery requests is GRANTED.  J&T Defendants must respond to Plaintiffs' written discovery requests **by April 14, 2026.  A failure to respond may result in a finding of contempt of court.**

(2)    J&T Defendants are further compelled to attend any and all depositions properly noticed by Plaintiffs;

Plaintiffs' request to communicate directly with the named J&T Defendants, that is Maria Diana Olivarez Mills, Tatiana Bravo, John Jeffrey Ramon, and agents of J&T Harvesting LLC, is

8

hereby **GRANTED**, as it appears that they are no longer being actively represented by counsel.
Plaintiffs are permitted to issue discovery requests, notices of deposition, and other filings directly
to the named J&T Defendants.  J&T Defendants are advised to respond to all communications by
Plaintiffs' counsel directly or through counsel as continued failure to respond to discovery requests
and orders of this Court will lead to additional sanctions pursuant to the Federal Rules of Civil
Procedure.

(3)     J&T Defendants **MUST PRODUCE** the List of Putative Collective Action
Members and supporting declaration as set forth in this Court's Order on Motion for Conditional
Certification, ECF No. 68, **by April 14, 2026;**

(4)     Plaintiffs' request that J&T Defendants and their counsel pay Plaintiffs' reasonable
expenses including their attorney fees and costs associated with this Motion and time spent seeking
J&T Defendants' compliance with the matters described therein is **GRANTED.**  J&T Defendants
**MUST PAY** 100% of the reasonable expenses, including attorney fees, associated with this instant
Motion to Compel attributable to their failure to respond to Plaintiffs' discovery requests, to be
determined by a forthcoming motion for reasonable expenses to be filed by Plaintiffs no later than
**APRIL 15, 2026**;

(5)     An accelerated timeline for adjudicating this Motion is **DENIED** as **MOOT**; and

(6)     J&T Defendants' counsel, Florencio Lopez, **MUST ACQUIRE** competent co-
counsel or J&T Defendants must seek new counsel at once, but no later than **April 14, 2026**.

Dated this 31ˢᵗ, day of March, 2026.

N. Reid Neureiter
United States Magistrate Judge